UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Kenneth A. Graber, Individually and on Behalf of Others Similarly Situated,<br>    Plaintiff,<br><br>v.<br><br>Inframark, LLC,<br>    Defendant. | §§§§§§§§§§§ | CIVIL ACTION NO.<br>4:25-cv-376<br><br><br>JUDGE CHARLES ESKRIDGE |

**JOINT DISCOVERY AND CASE MANAGEMENT PLAN**

*Restate each instruction in bold and furnish the requested information.*

1. **State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.**

   The attorneys for the parties corresponded by email on April 17, 2025 and spoke by phone/video call on April 29, 2025. Joe Buenker participated for plaintiff and Reed Russell participated for Inframark, LLC.

2. **List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.**

   None.

3. **Briefly describe what this case is about. Generally state the claims, defenses, and threshold issues that each party will likely assert**.

1

PD.49307816.1

Plaintiff worked for defendant as an operator and team lead working on the operation of wastewater plants and consistently worked more than 40 hours per week. Plaintiff was paid on an hourly basis and was paid time-and-a-half for some of the overtime hours that he worked. Plaintiff, however, also worked numerous hours "off the clock" in order to get his work done and was not paid anything for those hours. Plaintiff asserts that there are other similarly situated workers in similar positions to him and he plans to move for notice to be sent to all of those individuals.

Inframark prohibits off-the-clock work and contends that plaintiff was paid for all hours he was suffered or permitted to work in compliance with the FLSA, that he is not similarly situated to other operators or lead operators because his allegations are meritless and unique to him, and that he could not maintain a collective action involving individuals he supervised in any event. Further, among other infirmities, any claim for unpaid overtime he may have will fail because of the amount of statutorily creditable overtime he was paid.

Under the 5th Circuit's *Swales* decision, the parties will need to do sufficient discovery to allow this Court to determine whether there is a group of similarly situated workers that should receive notice of this lawsuit.

4. **Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.**

   All parties agree that the Court has federal question jurisdiction under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

5. **List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.**

   Plaintiff plans to file a motion for notice under the FLSA, if the parties cannot resolve the matter informally in the timeframe set forth herein, and believes that he could file that motion no later than January 30, 2026.

The parties ask that the Court enter a schedule for plaintiff's FLSA notice motion, which will be filed only if necessary, and then enter a final scheduling order after the Court's ruling on the motion.

6. **List any anticipated interventions. Briefly explain why.**

   None anticipated.

7. **Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.**

   Plaintiff plans to file a motion for notice of a collective action under the FLSA for two subclasses of workers. The proposed groups of similarly situated workers are (1) individuals who worked for the defendant as operators and (2) individuals who worked for the defendant as team leads.

   Inframark contends this case is not suitable for collective-action treatment because plaintiff is not similarly situated to those he seeks to represent. Plaintiff's claims are unique to him and not suitable for resolution on a group basis using representative proof for any group of employees.

8. **State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.**

   The parties request that initial disclosures be delayed until the end of the period of informal discussions, and be due to be served on each other by August 29, 2025.

9. **Apart from initial disclosures, specify other discovery served or accomplished to date.**

   None.

10. **Describe the proposed agreed discovery plan. At a minimum, include:**

a. **Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery;**

(1)  The parties do not believe that any changes in the timing, form or requirement for disclosure under Rule 26(a) should be made, other than as agreed herein.

(2)  The discovery plan as agreed to between the parties relative to plaintiffs' claims and defendants' defenses is stated herein.

(3)  The parties are not aware of any issues relating to disclosure or discovery of electronically stored information ("ESI") that need to be addressed by the Court at this time. The parties agree to produce relevant, discoverable information in hard copy form or a .pdf version thereof, to the extent available, and, upon reasonable request and to the extent it is not unduly burdensome, to produce electronically stored information in a widely acceptable readable format, if available. Both parties reserve the right to request production of electronically stored information in a mutually agreeable alternative format. To the extent any dispute arises concerning ESI, the parties agree to make good faith attempts to resolve any such dispute without court intervention. The parties will cooperate to file a stipulated protective order with respect to confidential ESI.

(4)  The parties are not aware of any issues relating to claims of privilege that need to be addressed by the Court at this time. Without asserting privilege and/or providing a privilege log, the parties agree that each party may withhold a privileged communication to or from a lawyer or lawyer's representative or a privileged document of a lawyer or lawyer's representative (1) created or made from the point at which a party consults a lawyer with a view to obtaining professional legal services from the lawyer in the prosecution or defense of a specific claim in the litigation in which discovery is requested and (2) concerning the litigation in which the discovery is

4

requested. The parties may submit an agreed protective order in the event the disclosure of confidential information becomes necessary. The parties agreed to preserve and return privileged information that may be inadvertently disclosed during discovery.

(5)   The parties do not believe that any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or by local rule, or that any other limitations should be imposed, other than limiting the timing of the start of discovery and limiting the preliminary discovery to issues related to whether plaintiff's anticipated motion for notice should be granted.

(6)   The parties do not believe that any orders should be entered by the Court under Rule 16(b) and (c), except for the entry of the Court's scheduling and docket control order. To the extent the parties' opinions on this issue change as discovery and litigation proceeds, the Parties will confer and notify the Court.

(7)   The parties agree that electronic service shall constitute proper service in this case provided the receiving party acknowledges receipt of the electronic service by replying with "Received" or sending a read receipt or something similar.

b. **When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

   Plaintiff anticipates sending interrogatories to defendant before the end of the discovery period; the 25 interrogatory limit should apply in this case.

c. **When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

   Defendant anticipates sending interrogatories to plaintiff before the end of the discovery period; the 25

interrogatory limit should apply in this case unless there are additional plaintiffs/opt-in plaintiffs.

d. **Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

Plaintiff anticipates taking the oral deposition of the corporate representative(s) of defendant before the end of the discovery period, and perhaps in the early stages of the case if deemed necessary for plaintiff's notice motion. Plaintiff also anticipates taking the oral deposition(s) of one or more employees of defendant, and perhaps third-party witnesses who worked with or around plaintiff, and/or some of defendant's customers/clients. The identities of such individuals have not yet been determined. The presumptive 10-deposition limit should apply in this case.

e. **Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

Defendant anticipates taking the oral deposition of the plaintiff before the end of the discovery period, as well as depositions of any fact witnesses named by plaintiff. The presumptive 10-deposition limit should apply in this case unless there are additional plaintiffs/opt-in plaintiffs.

f. **When the plaintiff (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.**

The schedule of expert designation should be set after the notice motion is resolved, if necessary.

    g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

    None anticipated.

    h. **List expert depositions the opposing party anticipates taking and their anticipated completion date.**

    Inframark anticipates deposing any expert identified by plaintiff within 60 days of the applicable expert designation, if any.

11. **State the date by which the parties can reasonably complete the planned discovery.**

    The parties believe that discovery should be initially stayed, and then conducted in stages:

    Pre-discovery – A stay of 90 days on discovery, until August 15, 2025, for the parties to conduct informal resolution efforts. The statute of limitations for any opt-in plaintiff that later files a consent to join the case would be tolled from May 15-August 15, 2025 (i.e., for the 90-day period of the stay).

    Stage 1 – Pre-notice discovery for plaintiff's FLSA notice motion should begin August 15, 2025 and end December 30, 2025.

    Stage 2 – "Merits" discovery deadline should be determined after notice period ends of the Court grants notice, or at the time of denial of the notice motion.

12. **If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.**

    Inframark would object to depositions of any of its customers/clients. Inframark recognizes that preliminary discovery is expected under *Swales* and will confer with plaintiff if it believes requests are overbroad and bring that to the Court only if necessary.

13. **Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting.**

7

**Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

The parties agree that it would preserve the resources of the parties and the Court to allow a period of 90 days from the date of the Initial Pretrial Conference for informal resolution discussions to occur before discovery commences. The parties will engage in good faith, informal discussions, and, as needed, exchange information informally to facilitate those discussions.

14. **Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such potential techniques. State when the parties may effectively use any such technique**.

    Initially, the parties believe informal, direct negotiations should be effective. If those do not succeed, a settlement conference before the Magistrate Judge or private mediation would likely be the most effective dispute resolution technique in this matter. The parties can conduct direct negotiations or attend a settlement conference with the Magistrate Judge during the 90-day initial period. After that, mediation, after the court's decision on the plaintiff's notice motion and, if applicable, notice is granted or after it is sent and the opt-in period ends.

15. **A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.**

    The parties do not agree to consent to a magistrate at this time.

16. **Identify any party that has made a jury demand and whether it was timely.**

    Plaintiff made a timely jury demand in his complaint.

17. **Specify the number of hours it will likely take to present the evidence at trial in this case.**

At the present time, the parties estimate 12-16 hours; if the case proceeds as a collective action, that estimate will change.

18. **List pending motions the Court could resolve at the initial pretrial conference.**

    None.

19. **List other pending motions**.

    None.

20. **List all other matters that deserve attention of the Court at the initial pretrial conference**.

    The parties' proposal to delay the start of discovery for 90 days while informal resolution discussions occur. The scope and particulars of the information the Court needs to determine whether a group of similarly situated individuals exists for purposes of ruling on plaintiff's motion for notice.

21. **Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made**.

    See attached.

22. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    Plaintiff filed his Disclosure on January 29, 2025.

    Defendant filed its Disclosure on March 11, 2025.

23. **If the case involves an unincorporated entity as a party, such as an LLC or LLP, state the citizenship of every member. As an attachment to this joint filing, such party must file an affidavit or declaration establishing the citizenship of every member**.

    Not applicable.

**24. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

    Josef F. Buenker                  Attorney for Plaintiff
    Texas State Bar No. 03316860
    Federal ID No. 11498
    P.O. Box 10099
    Houston, Texas 77206
    713-868-3388
    713-683-9940 (fax)
    jbuenker@buenkerlaw.com

    Douglas B. Welmaker           Attorney for Plaintiff
    Texas State Bar No. 00788641
    409 N. Fredonia, Suite 118
    Longview, Texas 75601
    Tel: (512) 799-2048
    doug@welmakerlaw.com

    Reed L. Russell, Lead Counsel    Attorney for Defendant
    Texas Bar No. 24101337
    Julie A. Girard, *Pro hac vice*
    PHELPS DUNBAR LLP
    100 S. Ashley Drive – Suite 2000
    Tampa, Florida  33602
    (T) (813) 472-7550; (F) (813) 472-7570
    reed.russell@phelps.com
    julie.girard@phelps.com

    Claudine G. Jackson           Attorney for Defendant
    Texas Bar No. 00793800
    PHELPS DUNBAR LLP
    201 Main Street – Suite 1350
    Fort Worth, Texas  76102
    (T) (817) 386-1166; (F) (817) 386-1170
    claudine.jackson@phelps.com

| | |
|---|---|
| _/s/ Josef F. Buenker_ | 4/30/2025 |
| Josef F. Buenker | Date |
| Counsel for Plaintiff | |
| | |
| _/s/ Reed L. Russell_ | 4/30/2025 |
| Reed L. Russell | Date |
| Counsel for Defendant | |